IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No.: |
| v. | ) ) ) |
| | ) COMPLAINT |
| UPS GROUND FREIGHT d/b/a UPS FREIGHT, | ) <u>Jury Trial Demand</u> ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Nieland O. Bynoe who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Defendant UPS Ground Freight d/b/a

UPS Freight ("Defendant" and/or "UPS Freight") discriminated against Mr. Bynoe on the basis of his religion, Rastafarian. Specifically, it is alleged that Defendant refused to accommodate Mr. Bynoe's request not to cut his hair or shave his beard in observance of his religious beliefs. Further, it is alleged that Defendant subsequently failed to hire or terminated Mr. Bynoe based upon his religion. As a result of Defendant's discriminatory actions, Mr. Bynoe suffered loss of pay and other compensable damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant UPS Freight, a subsidiary of United Parcel Service, with a service center located in Mechanicsburg, Pennsylvania known as the "Harrisburg Hub", has been continuously doing business in the State of Pennsylvania, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the initiation of this lawsuit, Nieland O. Bynoe filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since December of 2007, Defendant has engaged in unlawful employment practices at its service center located in Mechanicsburg, Pennsylvania which is known as the "Harrisburg Hub" ("HRS") in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that

Defendant discriminated against Nieland O. Bynoe on the basis of his religion, Rastafarian, as follows:

(a) Nieland O. Bynoe is a Rastafarian. He was hired to work at Defendant's Harrisburg Hub ("HRS") as a driver on or about December 1, 2007. Mr. Bynoe attended new-hire training and orientation on December 3, 2007 and December 4, 2007. It is believed and therefore averred that during the relevant time period there were approximately 792 full and part-time employees employed at HRS.

(b) In observance of his religion, Rastafarian, Mr. Bynoe does not cut his hair, worn neatly in locs; nor does he shave his beard.

(c) As part of the application process, Mr. Bynoe was given a road test on or about September 12, 2007 by Defendant's Operations Manager, Frank Egresitz. Mr. Egresitz informed Mr. Bynoe that he would be required to cut his hair and shave his beard. In response, Mr. Bynoe advised that doing so was against his religion.

(d) Mr. Bynoe successfully passed the driving exam.

(e) Mr. Bynoe reported for his first day of new-hire orientation training on or about December 3, 2007. Upon reporting for training, Mr. Bynoe was advised by Defendant's Human Resource Manager, Dana Pope, that he would have to shave his beard and cut his hair to comply with Defendant's appearance policy. Mr. Bynoe immediately informed Mr. Pope about his religious beliefs and informed him that he

could not cut his hair or shave his beard.

(f) Following his conversation with Mr. Pope, Mr. Bynoe reviewed Defendant's employee handbook which stated that Defendant could not discriminate against him on the basis of religion. Defendant's policy also provides for religious accommodations.

(g) Upon reporting to new-hire orientation training the following day, on or about December 4, 2007, Mr. Bynoe was told by Defendant's Training Supervisor, William Adams, to "go see the boss." Mr. Bynoe immediately went to Mr. Pope's office whereupon he again advised Mr. Pope that he could not cut his hair or shave his beard in accordance with his religious beliefs and requested an accommodation. Mr. Pope immediately terminated Mr. Bynoe for refusing to modify his appearance.

(h) The decision to terminate Mr. Bynoe's employment, rather than afford him a reasonable accommodation based on his religion, was in violation of Title VII.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Mr. Bynoe of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion, Rastafarian.

9. The unlawful employment practices complained of in paragraph 7 above were intentional and were done with malice or with reckless indifference to the federally protected rights of Mr. Bynoe.

## **PRAYER FOR RELIEF**

10. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Mr. Bynoe whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

D. Order Defendant to make Mr. Bynoe whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to, out-of-pocket losses, in amounts to be determined at trial.

E. Order Defendant to make Mr. Bynoe whole by providing

compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above in paragraph 7, including, but not limited to, his losses resulting from humiliation, embarrassment, pain and suffering, mental anguish, depression, anxiety, inconvenience, and loss of life's enjoyment and pleasures, in amounts to be determined at trial.

      F.    Order Defendant to pay Ms. Bloom punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

      H.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

>                    RONALD S. COOPER
>                    General Counsel
>
>                    JAMES L. LEE
>                    Deputy General Counsel
>
>                    GWENDOLYN YOUNG REAMS
>                    Associate General Counsel
>
>                    *U.S. Equal Employment*
>                    *Opportunity Commission*
>                    Washington, DC
>
>                    JACQUELINE H. MCNAIR
>                    Regional Attorney
>
>                    TERRENCE R. COOK
>                    Supervisory Trial Attorney
>
>                    STEPHANIE MARINO
>                    Trial Attorney
>
>                    *U.S. Equal Employment*
>                    *Opportunity Commission*
>                    Philadelphia District Office
>                    801 Market Street, Suite 1300
>                    Philadelphia, PA 19107
>                    Tel:  (215) 440-2841
>                    Fax:  (215) 440-2848